# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WILLIAM T. PARKS,**
**Claimant Below, Petitioner**

**FILED**
November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0100**  (BOR Appeal No. 2050600)
(Claim No. 2014035587)

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William T. Parks, by Lawrence Sherman Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lowe's Home Centers, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 5, 2016, in which the Board reversed a June 10, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 9, 2015, decision denying a request for authorization of additional physical therapy sessions, and the Office of Judges authorized the request. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Parks injured his lower back on June 4, 2014, while maneuvering a piece of machinery and his application for workers ' compensation benefits was held compensable for a lumbosacral sprain. After initially receiving a course of physical therapy, Mr. Parks returned to work. However, he ceased working approximately two weeks after his return to work amid complaints of lower back pain.

1

On October 20, 2014, ChuanFang Jin, M.D., performed an independent medical evaluation. She diagnosed Mr. Parks with a resolved lumbar sprain, pre-existing degenerative disc disease, and radiculitis most likely arising from degenerative disc disease. Additionally, she noted that a lumbar spine MRI performed on September 22, 2014, revealed a disc bulge at L5-S1 with evidence of degenerative disc disease. Dr. Jin opined that there is no evidence of a traumatic lesion, and therefore further opined that Mr. Parks has reached maximum medical improvement and requires no further treatment with respect to the compensable injury. She also attributed the entirety of Mr. Parks's current symptoms to pre-existing degenerative disc disease.

On January 6, 2015, Gary Barcinas, PA-C, authored a letter in which he stated that Mr. Parks is currently receiving care for a herniated nucleus pulposus and will be unable to return to work until he receives a course of physical therapy. On February 6, 2015, Russell Biundo, M.D., authored a letter in which he indicated that Mr. Parks is currently receiving treatment for a lumbar herniated nucleus pulposus and is unable to return to work pending further evaluation. On the same date, Dr. Biundo authored a treatment note in which he diagnosed Mr. Parks with a small disc protrusion at L5-S1, degenerative disc disease, and recommended that he receive physical therapy.

On February 9, 2015, the claims administrator denied a request for authorization of additional physical therapy sessions. On March 30, 2015, Michael Kirk, M.D., one of Mr. Parks's treating physicians, authored a letter in which he indicated that he disagrees with Dr. Jin's conclusion regarding the nature of the L5-S1 disc herniation. Dr. Kirk further indicated that he believes that the L5-S1 disc herniation occurred at the time of the compensable injury, and opined that treatment for the herniated disc should be authorized.

In its Order reversing the February 9, 2015, claims administrator's decision, the Office of Judges held that the requested additional physical therapy sessions constitute medically necessary and reasonably required treatment in relation to the compensable injury. However, the Board of Review reversed the decision of the Office of Judges and reinstated the February 9, 2015, claims administrator's decision. On appeal, Mr. Parks asserts that the evidence of record demonstrates that the requested physical therapy treatments are necessary for the treatment of the June 4, 2014, injury.

In its Order, the Office of Judges found that the L5-S1 disc protrusion is causally related to the June 4, 2014, injury. Additionally, the Office of Judges attributed the entirety of Mr. Parks's current symptoms to the June 4, 2014, injury. In its Order reversing the decision of the Office of Judges, the Board of Review found that the sole compensable diagnosis is a lumbosacral sprain, for which Mr. Parks has already received a course of physical therapy. The Board of Review then found that Mr. Parks is currently seeking authorization of additional physical therapy sessions for the treatment of a lumbar disc herniation/protrusion, which is not a compensable diagnosis. Finally, the Board of Review determined that additional physical therapy sessions do not constitute medically necessary and reasonably required treatment in relation to the compensable injury.

We find that the decision of the Board of Review is based upon a material mischaracterization of the evidentiary record. The evidentiary record indicates that Mr. Parks is unable to return to work due to a symptomatic L5-S1 disc herniation, for which he requires an additional course of physical therapy. Further, as was noted by the Office of Judges, Mr. Parks's treating physician opined that the L5-S1 disc herniation occurred at the time of the compensable injury. Moreover, his treating physician also opined that the entirety of his current symptoms arose solely as a result of the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a mischaracterization of the evidentiary record. The Board of Review erred in reversing the Office of Judges' decision authorizing Mr. Parks's request for authorization of additional physical therapy sessions. Therefore, the decision of the Board of Review is reversed, and the claim is remanded with instructions to reinstate the June 10, 2015, Order of the Office of Judges granting Mr. Parks's request for authorization of additional physical therapy sessions.

Reversed and Remanded.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman

**DISSENTING:**
Justice Robin J. Davis
Justice Allen H. Loughry II

LOUGHRY, J., dissenting:

I dissent from the majority's decision to reverse the Board of Review and reinstate the June 10, 2015, Order of the Office of Judges. The majority incorrectly reasons that Mr. Parks is entitled to authorization of additional physical therapy sessions for the treatment of a non-compensable L5-S1 disc herniation. It is undisputed that the sole compensable condition in the instant appeal is a lumbosacral sprain, for which Mr. Parks has already received a course of physical therapy. It is equally clear that Mr. Parks is currently seeking authorization of additional physical therapy sessions solely for the treatment of an L5-S1 disc herniation. In that regard, the evidentiary record plainly indicates that a request to add an L5-S1 disc herniation as a compensable diagnosis has never been submitted to the claims administrator. As such, a decision

3

on the merits of the request for treatment of this non-compensable condition is premature until the question regarding the compensability of an L5-S1 disc herniation has been fully adjudicated. West Virginia Code § 23-4-1c(a) (2009) provides in pertinent part:

> In any claim for benefits under this chapter, the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, shall determine whether the claimant has sustained a compensable injury within the meaning of section one of this article and enter an order giving all parties immediate notice of the decision.

In spite of the uncomplicated evidentiary record below, the Office of Judges' decision to authorize additional physical therapy sessions for the treatment of a non-compensable claim was clearly in error. Nonetheless, the majority has chosen to blindly follow the Office of Judges and ignore the well-reasoned opinion of the Board of Review, as well as the language contained within West Virginia Code § 23-4-1c(a), and authorize treatment of a condition which is currently not even a compensable component of Mr. Parks's claim. Accordingly, I respectfully dissent.

4